UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY HAHN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-05629-JSC<br><br>**ORDER RE: PROPOSED SEVERANCE OF DEFENDANT JP MORGAN CHASE BANK NA** |

Now pending before the Court is the motion to dismiss submitted by Defendants Select Portfolio Servicing, Inc., National Default Servicing Corporation, Deutsche Bank National Trust Company as Trustee for the WaMu Mortgage Pass-Through Certificates, Series 2005-AR16 ("the appearing Defendants"). (Dkt. No. 6.) Plaintiffs and the appearing Defendants have consented to the jurisdiction of this magistrate judge pursuant to 28 U.S.C. § 636. (Dkt. Nos. 11 & 12.) Defendant JP Morgan Chase Bank NA ("JP Morgan Chase") has not been served, otherwise made an appearance, or consented to this magistrate judge's jurisdiction.[1] Accordingly, this Court cannot decide the motion to dismiss. *See Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017).

The Court may decide the motion, however, if JP Morgan Chase is severed from this action. JP Morgan Chase would then be the lone defendant in a separate but related action that would be given a new case number but still be assigned to the undersigned judge. No additional filing fee would be required. The Court would then proceed to decide the motion to dismiss and

---

[1] Washington Mutual Bank, FA is also captioned as a defendant, however, Plaintiffs' response to the Superior Court for the County of San Francisco's Order to Show Cause indicates that Washington Mutual Bank was acquired by JP Morgan Chase Bank NA, and is therefore no longer an independent entity. (Dkt. No. 1-2 at 25.) Thus, "JP Morgan Chase [is] the only actual defendant of the two." (*Id.*)

preside over the action in which all parties have consented (18-5629), and would prepare a report and recommendation on any motion filed in the related action.  The Court will only proceed in this matter if all parties agree to the proposed severance.

Accordingly, on or before Oct. 26, 2018, any party may advise the Court in writing that the party objects to the severing of JP Morgan Chase from this action.  If any party so objects, this entire case will be reassigned to a district court judge.  If no party objects by October 26, 2018, the Court will sever JP Morgan Chase as explained above.  The briefing schedule and hearing on the appearing Defendants' motion to dismiss will remain as currently calendared.

**IT IS SO ORDERED.**

Dated:  October 19, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge