UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROY HAHN, et al., | Case No. 18-cv-05629-JSC |
|---|---|
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| SELECT PORTFOLIO SERVICING, INC., et al., | Re: Dkt. No. 6 |
| Defendants. | |

Plaintiffs Roy Hahn, Linda Montgomery, and The Roy E. Hahn and Linda G. Montgomery Living Trust (collectively "Plaintiffs") allege that Select Portfolio Services, Inc. ("SPS"), National Default Servicing Corporation, Deutsche Bank National Trust Company, WaMu Mortgage Pass-Through Certificates, Series 2005 AR16, (collectively "Defendants") violated federal and state laws that impose procedural requirements for loan modification applications ("LMAs"). Defendants' motion to dismiss is now pending before the Court. (Dkt. No. 6.)[1] Having considered the parties' briefs and having had the benefit of oral argument on November 9, 2018, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss.

**PROCEDURAL BACKGROUND**

This case was removed from California Superior Court on September 13, 2018 because the Real Estate Settlement Procedures Act ("RESPA") claim is based on a federal question. *See* 28 U.S.C. §§ 1441(a) & 1446. The Notice of Removal included as attachments Plaintiffs' First Amended Complaint ("FAC"), its exhibits, and all relevant filings from the state proceeding. (Dkt. No. 1-2, Ex. A.) Defendants then filed the pending Motion to Dismiss and attached a

---

[1] All remaining parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 11 & 12.)

1  Request for Judicial Notice. (Dkt. No. 6 at 6.)[2] The motion has been fully briefed. (Dkt. Nos. 13 & 16.) Following the Court's order regarding proposed severance of Defendants JP Morgan Chase Bank NA and Washington Mutual Bank, FA, (Dkt. No. 14), Plaintiffs voluntarily dismissed those defendants from the proceeding, (Dkt. No. 15).

**LEGAL STANDARD**

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Mar. Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

"[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**DISCUSSION**

As a preliminary matter, the Court takes judicial notice of eight Notices of Federal Tax Lien recorded by the San Francisco Assessor, a Joint Motion for Continuance of Trial filed in federal tax court, and an excerpt of version 5.2 (Dec. 21, 2017) of *Making Home Affordable*

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

2

*Program: Handbook for Servicers of Non-GSE Mortgages* because they are public records and Plaintiffs did not object. (Dkt. No. 6-1 at 4-57 (Exs. A-J).)[3] However, even if a court takes judicial notice of adjudicative facts, "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001).

Defendants' Motion to Dismiss makes three arguments: (1) the FAC does not adequately plead claims against any defendants other than SPS; (2) damages are not properly pleaded for the RESPA, California Homeowner's Bill of Rights ("HBOR"), and negligence claims; and (3) Plaintiffs do not have standing for the California Unfair Competition Law ("UCL") claims.

**A.     Plaintiffs Have not Adequately Pleaded Against Non-SPS Defendants**

As to the non-SPS defendants, the FAC alleges only that each defendant acted as "the agent, employee, or otherwise as representative of the other, such that the acts of each should be imputed to all the others[.]" (Dkt. No. 1-2, Ex. A at 32, ¶ 6.) Such conclusory allegations are insufficient for the Court to "draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Garlock Sealing Techs., LLC v. NAK Sealing Techs. Corp.*, 148 Cal. App. 4th 937, 964 (3d Dist. 2007) (discussing the elements of agency). The non-SPS defendants are therefore dismissed without prejudice.

**B.     Whether Plaintiffs Sufficiently Pleaded Damages for the RESPA, HBOR, and Negligence Claims**

*1.     RESPA*

Plaintiffs have sufficiently pleaded damages for the RESPA claim. A RESPA claim must "plead actual damages *or* a pattern or practice of noncompliance" that would give rise to statutory damages. *Stabley v. Bank of America, N.A.*, 708 Fed. App'x 340, 340-41 (9th Cir. 2017)

---

[3] Generally, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, the Court may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (stating that judicial notice is appropriate for "documents on file in federal or state courts."). Recorded documents are public records suitable for judicial notice. *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1263-64 (C.D. Cal. 2010).

3

1 (emphasis added); *see also Noble v. Caliber Home Loans, Inc.*, 727 Fed. App'x 440, 440-41 (9th

2 Cir. 2018); *Petrovich v. Ocwen Loan Servicing, LLC*, 716 Fed. App'x 614, 618 (9th Cir. 2017).

3 Plaintiffs claim "the loss of one million or more dollars of equity in plaintiffs' home, . . .

4 various fees, costs, and charges," and emotional distress. (Dkt. No. 13 at 6:3-10.) The FAC

5 alleges that Plaintiffs suffered such harm because Defendants' noncompliance with RESPA

6 "substantially delayed the loan mitigation process and caused Plaintiff to refrain from looking into

7 other loss mitigation options." (Dkt. No. 1-2, Ex. A at 50-51, ¶¶ 78-82).) These allegations are

8 sufficient to allege actual damages and to connect their pecuniary harm and emotional distress to

9 Defendants' RESPA violations. (*Id.* at 51-83, ¶¶ 83-184.) Thus, Plaintiffs have sufficiently

10 pleaded actual damages for the RESPA claim. Plaintiffs have also sufficiently pleaded a "pattern

11 or practice of noncompliance" entitling them to statutory damages through detailed allegations that

12 SPS consistently failed to follow regulatory procedures for a period of 39 months. (*Id.*)

13 Defendants' challenges to the FAC's factual allegations regarding the cause of Plaintiffs'

14 harm are unpersuasive on a motion to dismiss. The mere presence of other factors does not render

15 a claim for damages speculative, particularly because the standard in a 12(b)(6) motion looks

16 solely at the complaint's allegations. *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 991

17 (9th Cir. 2000) (noting that experts may be able to measure the difference in prices attributable to

18 an antitrust violation later in the proceeding); *see also Manzarek*, 519 F.3d at 1031 (on a motion to

19 dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in

20 the light most favorable to the non-moving party."). *Lal v. American Home Servicing, Inc.*, 680 F.

21 Supp. 2d 1218, 1223 (E.D. Cal. 2010), does not persuade the Court otherwise, as there the plaintiff

22 alleged merely that the damage was having to file the lawsuit. Furthermore, the Court declines to

23 conclude as a matter of law on this record that emotional distress cannot constitute actual damages

24 under RESPA; some courts in the Ninth Circuit have held that it does, and others have held the

25 opposite. *See Hackett v. Wells Fargo Bank, N.A.*, No. 2:17–cv–7354–CAS(ASx), 2018 WL

26 1224410, at *5 (C.D. Cal. Mar. 5, 2018) (collecting cases and determining that emotional distress

27 constitutes actual damages).

28 Therefore, the Court denies Defendants' motion to dismiss the RESPA claim.

### *2.* *HBOR*

Plaintiffs have not sufficiently pleaded damages for the HBOR claim. The HBOR provides that "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation." Cal. Civ. Code § 2924.12(a)(1). It also provides that "[a]fter a trustee's deed upon sale has been recorded, a [defendant] shall be liable to a borrower for actual damages." Cal. Civ. Code § 2924.12(b). Thus, the "HBOR provides for injunctive relief for statutory violations that occur prior to foreclosure, and monetary damages when the borrower seeks relief for violations after the foreclosure sale has occurred." *Valbuena v. Ocwen Loan Servicing, LLC*, 237 Cal. App. 4th 1267, 1272 (2d Dist. 2015) (citations omitted); *see also Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 573 (1st Dist. 2013) (observing that the HBOR provides "homeowners who are facing foreclosure or whose homes have actually been lost to foreclosure with a remedy").

In this case, Plaintiffs sold the property before Defendants completed a foreclosure sale. (Dkt. No. 1-2, Ex. A at 68, ¶¶ 135-37.) It is now impossible for Defendants to complete a foreclosure sale, so injunctive relief is inappropriate. It is similarly impossible for Plaintiffs to recover monetary relief because such relief is only available under the HBOR after a foreclosure sale. Plaintiffs' policy argument is unavailing. The plain and unambiguous wording of the statute does not permit a HBOR claim for damages in the absence of a foreclosure. It is thus unsurprising that Plaintiffs cannot cite a single case to support their expansive reading of the statute: "[i]f the statutory language is clear and unambiguous, the plain meaning of the statute governs." *People v. Lopez*, 31 Cal. 4th 1051, 1056 (2003) (citation omitted). Thus, Plaintiffs are not entitled to relief under the HBOR. As this issue cannot be remedied by amendment, the Court dismisses the HBOR claim with prejudice.

### *3.* *Negligence*

Damages are an essential element of a negligence claim. *Conroy v. Regents of University of California*, 45 Cal. 4th 1244, 1250 (2009). Defendants argue that the negligence claim fails as a matter of law because "'economic loss alone, without physical injury, does not amount to the type of damage that will cause a negligence . . . cause of action to accrue.'" (Dkt. No. 6 at 13 (quoting

*Cty. of Santa Clara v. Atl. Richfield Co.*, 137 Cal. App. 4th 292, 318 (6th Dist. 2006)). The cases upon which Defendants rely, however, are all in the product liability context; Defendants do not cite any cases that suggest that the rule applies when the allegedly tortious conduct is separate from any breach of contract, as is alleged here. Indeed, under California law, no physical injury is required to state a negligence claim for damages if the claim is independent of a breach of contract. *See Robinson Helicopter Co. v. Dana Corp,* 34 Cal. 4th 979, 991 (2004). Defendants' motion to dismiss the negligence claim for failure to adequately plead damages is therefore denied.

### C. Plaintiffs Have Standing Under the California UCL

California's UCL provides a two-prong test to establish standing: a person must have (1) "suffered injury in fact" and (2) "lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. The first prong is meant to incorporate the federal standards for Article III standing,[4] and the second prong requires some form of economic injury caused by the unfair business practice. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322-23 (2011). The two prongs may overlap, so "courts may profitably consider whether injury in fact has been shown in conjunction with the allegations and proof of having lost money or property[.]" *Id.* at 326-27.

Plaintiffs allege that they lost a million dollars because Defendants strung them along and then Plaintiffs had to sell the property quickly; they would not have needed to do so if Defendants had properly considered the loan modification applications instead of causing 39 months of delay. (Dkt. No. 1-2, Ex. A at 68, ¶¶ 136-38.) Furthermore, Plaintiffs allege that they paid "improper foreclosure fees," lost equity in the property, spent time and effort, and incurred administrative costs that they otherwise would not have incurred. (*Id.* at 51, ¶¶ 79-82.) These allegations sufficiently establish a claim for restitution and satisfy both prongs of the *Kwikset* test. Defendants' factual argument based on judicially-noticeable facts ignores Plaintiffs' allegations, which the Court must accept as true. *See Manzarek*, 519 F.3d at 1031. The Court therefore denies

---

[4] The federal standard for injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted).

6

Defendants' motion to dismiss the California UCL claim for lack of standing.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Because Plaintiffs have not adequately pleaded facts implicating the non-SPS defendants, the non-SPS defendants are dismissed without prejudice. Further, Plaintiffs cannot state a HBOR claim because foreclosure did not occur and is not possible. As this issue cannot be remedied by amendment, the Court dismisses the HBOR claim with prejudice. In all other respects, Defendants' motion to dismiss is denied.

If Plaintiffs wish to plead claims against the non-SPS Defendants, they shall first seek a stipulation or leave to amend.

This Order disposes of Docket No. 6.

**IT IS SO ORDERED.**

Dated: November 19, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge